**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RALPH G SACHS,                          )
                                        )
      Plaintiff,                    )   Civil Action
                                        )
                                        )   Case No   **00-73070**
v                                       )
                                        )
                                        )   Hon  **JUDGE ROBERT H. CLELAND**
                                        )
UNITED STATES OF AMERICA,               )   **MAGISTRATE JUDGE PEPE**
acting through the INTERNAL             )
REVENUE SERVICE, and                    )
QUICK and REILLY, INC , a               )
New York corporation,                   )   **JURY TRIAL DEMANDED**
                                        )
      Defendants.                   )

## COMPLAINT AND JURY DEMAND

     Plaintiff, RALPH G SACHS, by and through counsel, Abraham & Rose, P L C , hereby brings this action and alleges as follows

    1     This is an action arising under the internal revenue laws of the United States for the recovery of monies wrongfully collected from Plaintiff.

    2    (a)    As to Defendant United States of America, jurisdiction is conferred upon this Court by 28 U S C. § 1346(a)(1) and by 26 U S C § 7433(a)

          (b)    As to Defendant Quick & Reilly, Inc , jurisdiction is conferred upon this Court by 28 U S C. § 1332(a) by virtue of diversity of citizenship among the parties with an amount in controversy exceeding $75,000 00

3    Plaintiff, RALPH G SACHS, is a citizen of the United States and resides in the State of Michigan

4    Defendants are the UNITED STATES of AMERICA and QUICK & REILLY, INC , a corporation headquartered and incorporated in the State of New York

## FEDERAL TAX COLLECTION HISTORY

5.    The tax liability at the root of this action has accrued from the tax years ended December 31, 1978 and December 31, 1979.

6    On or about December 29, 1998, after approximately eight (8) years of Defendant United States of America's ("IRS") inactivity on this matter, this case was assigned to Revenue Officer Jacqueline Zogut ("Zogut") for field collection activities

7    According to IRS's Automated Lien System ("ALS"), a total of four Notices of Federal Tax Lien ("NFTL") had been filed against Plaintiff, but as of September 26, 1997, all four NFTLs had either expired or had self-released pursuant to 26 U S C § 6325(a) (See attached, Exhibit A)

8    The Collection Statute Expiration Date ("CSED") until which IRS could collect the underlying tax liability in this matter was July 4, 1999 (See attached, Exhibit B)

9      As Zogut indicated in her history notes, the filing of a new NFTL would interfere with collection efforts during this relatively short time frame and "would now give [taxpayer] due process rights" which could impede her collection actions

10     At all times during the unauthorized collection activities alleged in the Complaint, a valid NFTL was never filed

11.    On June 1, 1999, a Notice of Levy (Form 668-A) was mailed to the New York headquarters of Defendant Quick & Reilly, Inc. ("Q&R")

12     Q&R is Plaintiff's brokerage firm which housed his investment securities which were the ultimate target of IRS's unauthorized collection activity .

13     Q&R received the Notice of Levy on June 11, 1999, and would have twenty-one days from the date of receipt of the Notice to forward the funds which were attached   Plaintiff's account at Q&R was immediately frozen pending the outcome of the levy   Because of the holiday weekend, this twenty-one day period would expire on July 6, 1999, two days after the CSED

14.    During this twenty-one day period, Q&R and IRS were informed as to Revenue Ruling 75-355, 1975-2 C B  478, that seizure of negotiable instruments is valid only through their actual physical seizure as opposed to any coerced liquidation

3

15    Zogut responded by faxing a summons (Form 2039) to Mr Edwin Mendez, Q&R's Assistant Director of Compliance, requesting "information as to the negotiable instruments you are holding in trust for Ralph Sachs." The summons was faxed on June 21, 1999, and demanded a response by 4.00 PM on June 22, 1999

16    On or about July 1, 1999, Plaintiff was informed by Q&R that despite his protest Q&R would respond to the Notice of Levy by liquidating the securities constructively seized by IRS and consequently frozen in Plaintiff's account

17.    Plaintiff was given the choice of choosing the securities to liquidate or allowing Q&R to choose for him   In either event, Plaintiff was notified by IRS as well as by Q&R's counsel, Mr Joel Davidson, Esq , that after the upcoming holiday Zogut could collect a check in the amount of the levy from Q&R's local branch office   (See attached, Exhibit C)

18    On or about July 1, 1999, as no funds would be collected until after the CSED, Defendant United States of America initiated a federal action against Plaintiff under 28 U S C § 7402 to reduce the outstanding tax assessment to a judgment   This action was ultimately dismissed by the United States on September 17, 1999

19    On or about July 13, 1999, a check in full satisfaction of the levy was seized by IRS from Plaintiff's account at Q&R's local office   (See attached, Exhibits D, E, and F)

20    Plaintiff's negotiable instruments were never physically seized, the negotiable instruments were never properly constructively seized, and Plaintiff himself was never provided with a Notice of Seizure (Form 2433)

21    On September 23, 1999, Plaintiff's counsel filed a Form 843, Claim for Refund, and addressed the same issues raised in this Complaint  (See attached, Exhibit G)

22    In a letter dated February 9, 2000, IRS rejected Plaintiff's claim and thereby exhausted administrative remedies as mandated by 28 U S C  § 7433(d)(1)

### CLAIMS OF UNAUTHORIZED COLLECTION ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

23.    Plaintiff hereby incorporates by reference paragraphs 1-22 of this Complaint

24    26 U S C. § 7433(a) prohibits reckless, intentional, or even negligent collection activities which violate the internal revenue laws

25    (a)    For violation of the above provision, IRS is liable to Plaintiff for the sum of its actual damages plus costs of this action

(b)    Defendant's unauthorized collection actions included the following;

(i)    The "levy" and "seizure" effectuated at the branch office of Q&R unequivocally violated the terms of Revenue Ruling 75-355 as well as Internal Revenue Manual

5

§ 5 11.6 8(3) which explicitly require the physical seizure of the actual negotiable instruments
As early as June 21, 1999, Zogut's history notes indicate her knowledge of the need for "seizure
of the **actual** instruments" (emphasis added), and a June 25 memo from Christine Kalcevic,
acting Chief Advisory, IRS Special Procedures to the Chief of Collection Division further
reiterates Defendant's knowledge that negotiable instruments "must be in possession of the IRS
before they can be liquidated " (See attached, Exhibit H)

        (ii)     The constructive seizure and forced liquidation as evidenced by
attached Exhibit B violates the Constitutional protections afforded by <u>GM Leasing Corp v</u>
<u>United States</u>, 429 U S  338 (1977), which requires a writ of entry to effectuate a valid seizure
This violation gives rise to a cause of action under <u>Bivens v  Six Unknown Named Agents of the</u>
<u>Federal Bureau of Narcotics</u>, 403 U S. 388 (1971)

        (iii)     The continued collection actions without the support of duly filed
NFTL violates Internal Revenue Manual § 56(12)9(1) which provides that "A notice of federal
tax lien must be filed in the proper jurisdiction before seizure " Even an unwritten statutory lien
cannot exist when a once filed lien has been released   26 U.S C  § 6325(f)(2) provides for the
proper procedure for the revocation of a lien release, and Zogut chose not to file a new lien in
order that new appeal rights would not be created

        (iv)     The service of the summons to Mr. Mendez was improper in two
respects  First, nowhere in the Internal Revenue Code is such service allowed by fax, and 26

U.S C. § 7603 allows such service only by hand or by registered or certified mail   Second, the one day turnaround time demanded by Zogut from the Assistant Director of Compliance of a national brokerage firm is patently unreasonable on its face and violates the terms 26 U S C  § 7605.

(v)     While Plaintiff's counsel was provided with the requisite Notice of Seizure (Form 2433), Plaintiff himself was never provided the notice as required by 26 U S C. § 6335(a)  This contributed to IRS's overall ability to wrongfully acquire and maintain control of Plaintiff's assets

(vi)     Zogut's history notes clearly confirm that no funds were collected on this matter until well after the CSED.  By IRS's own admissions, the liquidation of the negotiable instruments without their actual seizure was contrary to law   Without their timely seizure within the statute, any improperly levied funds received after the CSED must be returned pursuant to 26 U S C  § 6343(d)(2)

## CLAIMS OF BREACH OF FIDUCIARY DUTY
## AGAINST DEFENDANT QUICK & REILLY, INC

26     Plaintiff hereby incorporates by reference paragraphs 1-25 of this Complaint

27.     As an institution which housed and brokered Plaintiff's negotiable instruments, Q&R had a fiduciary duty to Plaintiff, its then client

28     From June 11, 1999 until mid-July 1999, Plaintiff's attorneys were in virtual daily contact with either Mr Mendez, Mr Davidson, or other Q&R agents in its local offices

29     During this time frame, not only did Q&R and Mr. Davidson refuse to simply review the less than two-paragraph Revenue Ruling which explicitly establishes the inability of a mere levy without physical seizure to attach to negotiable instruments, but Mr Davidson boldly asserted that Q&R has "no legal or moral obligation" to assist Plaintiff who had significant investments through Q&R. (See attached, Exhibit I)

30     At all times during this chronology, Q&R's first loyalty was to IRS, and despite explicit Treasury Regulations clearly on point, only after receiving permission from Zogut did Mr. Davidson agree that the twenty-one day period would conclude as of July 6

31     By ignoring the primary fiduciary duty to its client, Plaintiff, Q&R directly facilitated the unauthorized collection activities at issue in this matter.

WHEREFORE, Plaintiff prays that this Court grant the following relief

1.     Enter a judgment that Defendant United States of America acting through the Internal Revenue Service did recklessly or intentionally violate Plaintiff's rights by its unauthorized collection activities, and Defendant Quick & Reilly, Inc. breached its fiduciary duty to Plaintiff by refusing to acknowledge the proper law surrounding federal tax collections,

8

2    Enter a judgment for Plaintiff in the amount of $251,511 09, the amount of funds wrongfully collected from Plaintiff as a direct and proximate result of these wrongful collection activities and clear breach of fiduciary obligations, as well as appropriate interest accruing from the date of the original constructive seizure of Plaintiff's account,

3    Enter a judgment for the costs of this suit, including reasonable attorney fees herein incurred, and

4    Enter a judgment for punitive damages as well as for such other relief as the Court deems proper

Respectfully submitted
ABRAHAM & ROSE, P.L C

Dated  7-6-2~~~

By. _Jerry R. A_____

JERRY R  ABRAHAM (P45768)
MAURICE A  ROSE (P51972)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 410
Farmington Hills, Michigan 48334
Tel  (248) 539-5040

## JURY DEMAND

Plaintiff, RALPH G. SACHS, by and through counsel, Abraham & Rose, P.L C  hereby demands trial by jury.

Dated  7-6-2~~~

By  _Jerry R. A_____
JERRY R  ABRAHAM (P45768)
Attorney for Plaintiff

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED