UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RALPH G. SACHS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 00-73070 |
| v. | ) |
| | ) |
| | ) Hon. ROBERT H. CLELAND |
| UNITED STATES OF AMERICA, | ) |
| acting through the INTERNAL | ) |
| REVENUE SERVICE, and | ) |
| QUICK and REILLY, INC., a | ) |
| New York corporation, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT QUICK AND REILLY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

For reasons more thoroughly expressed in the accompanying brief, Plaintiff, Ralph G. Sachs, by and through counsel, Abraham & Rose, P.L.C., hereby expresses its opposition to Defendant Quick and Reilly's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: 10-20-2000

Maurice A. Rose (P51972)
Attorney for Plaintiff



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RALPH G. SACHS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 00-73070 |
| v. | ) |
| | ) |
| | ) Hon. ROBERT H. CLELAND |
| UNITED STATES OF AMERICA, | ) |
| acting through the INTERNAL | ) |
| REVENUE SERVICE, and | ) |
| QUICK and REILLY, INC., a | ) |
| New York corporation, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT QUICK AND REILLY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Concise Statement of the Issue*

Whether Plaintiff, Ralph G. Sachs, has failed to state a claim upon which relief can be granted, when he has made allegations of Defendant Quick and Reilly's lack of good faith, which would negate any applicable statutory defense under 26 U.S.C. § 6332(e). This is in response to Defendant Quick and Reilly's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## *Standard of Review*

On or about October 9, 2000, Defendant Quick and Reilly, Inc. ("Q&R") filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("failure to state a claim upon which relief can be granted"). A court should dismiss a suit under Rule 12(b)(6) only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Crt. 99, 102 (1957). "[T]he court should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). All "allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Crt. 1683, 1686 (1974).

## *Quick and Reilly's Claim of Immunity under Section 6332(e)*

Q&R wastes little time in raising 26 U.S.C. § 6332(e) which does provide immunity to certain third parties who surrender property pursuant to an Internal Revenue Service ("IRS") levy. However, this provision does not provide statutory *carte blanche* to all responding third parties. What Q&R neglects to address is the clear qualification imposed by the applicable Treasury Regulations. Namely, prior to any allowance of immunity under Section 6332(e) the third party involved must make a "good faith determination" that the property at issue was actually subject to a levy. 26 U.S.C. § 301.6332-1(c)(2). The presence or lack of "good faith" requires a factual analysis that runs contrary to a finding of law under Rule 12(b)(6).

Throughout the various collection activities at issue in this case, there can be no dispute that all parties were in regular communication. All parties were informed that Revenue Ruling 75-355 required the IRS to physically seize the underlying securities held by Q&R. As clearly evidenced by Plaintiff's Exhibit E (two Notices of Seizure attached to Complaint), the IRS had indicated its desire to seize the actual stock certificates, had prepared a Notice of Seizure to seize "Various Negotiable Instruments," and after a subsequent investigation had enumerated the securities it wished to take. While this would require additional actions on the government's behalf (such as obtaining a writ of entry to comply with GM Leasing Corp. v. United States, 429 U.S. 338 (1977)), Q&R went above and beyond the call of duty to compel a forced liquidation of the stock in full violation of the Constitutional and administrative safeguards which accompany an actual physical seizure.

If Q&R had held the cash equivalent of these securities as a bank or similar financial institution, this litigation would not have ensued. As Q&R correctly maintains, cash or comparable intangible assets may be levied by the mere issuance of an authorized IRS Notice of Levy (Form 668-A) upon the institution. However, physical assets must be physically seized, and because of their distinct and negotiable character, even the IRS has acknowledged that stock certificates must be actually seized to properly effectuate collection. Rev. Rul. 75-355, 1975-2 C.B. 478. *See also*, United States v. Bowery Savings Bank, 297 F.2d 380 (2d Cir. 1961). This physical levy and seizure is accompanied by Forms 668-B and 2433, and clearly indicate the IRS' intentions.

3

Joel Davidson, then counsel for Q&R, made the matter abundantly clear by repeatedly informing counsel for Plaintiff that Q&R had no duty to Mr. Sachs. He informed Plaintiff in quite frank terms that Q&R would not "run the risk" of forcing the IRS to actually comply with the law. He informed Plaintiff that despite actual levy and seizure documents requesting physical documents, Q&R would liquidate some or all of Plaintiff's account to more easily comply with the IRS. *See*, Complaint ¶¶ 17, 29. Q&R's course of conduct not only violated its client's wishes but ran afoul of existing administrative and Constitutional law. By ignoring these wishes and by refusing to simply review the brief Revenue Ruling describing the proper method of procedure, Q&R did not make any "good faith determination" and breached its duty to its client.

Q&R cites four cases in connection with its assertion of blanket immunity. While the matter at hand raises the mandatory "good faith" question as a prerequisite to such immunity, all four cases cited by Q&R address levies and seizures which were apparently within proper legal guidelines. Because all four cases involve intangible assets which do not require physical seizure, the entire "good faith determination" question is not comparable. These types of assets or accounts may be simply attached by mailing a Form 668-A to the third party. Thus, the good faith question existing with more intricate seizures does not compare.

First, State Bank of Fraser v. United States, involved the valid seizure of assorted accounts receivables. State Bank of Fraser v. United States, 861 F.2d 954, 957 (6th Cir. 1988). Unlike negotiable certificates held by a custodian, accounts receivable do not require any actual physical seizure. Consequently, there is no question of attachment for a "good faith determination" to resolve.

4

Similarly, the taxpayer in Kane "had no right to demand the issuance of share certificates representing his [account's] underlying investments." <u>Kane v. Capital Guardian Trust Co.</u>, 145 F.3d 1218, 1220 (10th Cir. 1998). This distinction is crucial because the IRS may not demand any asset to which the taxpayer himself is not entitled. Therefore, just as the asset at issue in <u>State Bank of Fraser</u> was intangible in nature, the asset sought in <u>Kane</u> was the taxpayer's intangible right to liquidate his account. Simply, that was the most the IRS could do. Because the taxpayer could not reach the actual certificates, the IRS as well should have been denied them even with an attempt at actual seizure. In other words, there was no "good faith determination" to have been made. In this matter at hand, the IRS sought to seize the actual certificates and never produced any legal basis whatsoever for their compelled liquidation.

The final two cases cited by Q&R are also easily distinguishable. <u>Johnson v. AT&T</u>, 110 F.3d 64, 1997 WL 144208 (6th Cir. 1997) involved a wage levy which also may effectively attach via a Form 668-A and without any physical seizure, and <u>Gregory v. Neydon</u>, 940 F.2d 659, 1991 WL 136440 (6th Cir. 1991) also involved employment benefits which were allegedly seized as the result of a levy which was "immoral, oppressive, dictatorial, and a usurpation of power and authority." (Presumably, no Revenue Rulings or case law was cited in a case brought by apparent tax protestors.) None of these cases raise comparable issues to the issues raised by the case at hand.

5

Contrary to the assertions by Q&R, there is no blanket defense or immunity under 26 U.S.C. §6332(e) where the financial institution does not act in good faith. The Regulations contain examples of situations where blatant institutional errors canceled this statutory defense. See, 26 C.F.R. § 301.6332-1(c)(4)(Examples 3 and 4). In short, there are situations where third party responses to a valid IRS levy are actionable.

Turning over an asset which was never levied (i.e., cash) instead of the targeted asset which ultimately was never physically seized or properly levied (i.e., stock certificates) constitutes a comparable blatant error for which Q&R must be liable. At worst, these actions give rise to factual issues beyond the scope of Rule 12(b)(6). Clearly the Regulations depict situations where the lack of good faith negates any statutory defense. In light of allegations of comparable behavior, Q&R's motion must fail.

*Quick and Reilly's Obligation Under the Levy*

Q&R asserts in its brief that "Quick & Reilly was obligated to honor the tax levy." While that is certainly the case, it is not obligated to turn over items which were never levied. The statutory defense exists even where the attachment of the levy is ultimately invalidated. However, it cannot exist when the assets forwarded to the IRS were never attached by levy. The IRS has absolute right to seize stock certificates - or any other property right or right to property. But it cannot bypass Constitutional and administrative rights in the process. Q&R did not need to liquidate an asset to properly respond to the IRS.

*Conclusion*

In light of Q&R's arguable lack of good faith, Plaintiff respectfully requests that Defendant Quick and Reilly's motion be denied.

Respectfully submitted,

Dated: 10-20-2000

Maurice A. Rose (P51972)
Abraham & Rose, P.L.C.
Attorneys for Plaintiff
30500 Northwestern Hwy., Suite 410
Farmington Hills, Michigan 48334
Tel: (248) 539-5040

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RALPH G. SACHS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 00-73070 |
| v. ) | |
| ) | |
| ) | Hon. ROBERT H. CLELAND |
| UNITED STATES OF AMERICA, ) | |
| acting through the INTERNAL ) | |
| REVENUE SERVICE, and ) | |
| QUICK and REILLY, INC., a ) | |
| New York corporation, ) | |
| ) | |
| Defendants. ) | |

**PROOF OF SERVICE**

It is hereby certified that copies of PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT QUICK AND REILLY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT QUICK AND REILLY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) were served upon all attorneys of record at their addresses indicated on the pleadings on the date indicated below by first class mail, postage prepaid.

Dated: 10-20-2000

Maurice A. Rose (P51972)
Attorney for Plaintiff