IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| RALPH G. SACHS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 00-73070 |
| | ) |
| UNITED STATES OF AMERICA, acting through | ) Hon. Robert H. Cleland |
| the INTERNAL REVENUE SERVICE, and | ) |
| QUICK and REILLY, INC., a New York Corp., | ) |
| | ) |
| Defendants. | ) |



## REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS

The United States, by undersigned counsel, replies to the plaintiff's response to the United States' Motion to Dismiss, as follows:

The United States has not "ignored" or "misunderstood" the plaintiff's claims in his Complaint. The Complaint seeks, one, a recovery of monies collected from the plaintiff and, two, monetary damages pursuant to 26 U.S.C. § 7433.[1] See Compl. at ¶¶ 1 and 2(a) ("28 USC 1346(a)(1)"). If the plaintiff wishes to dismiss any claim for refund which he has chosen to litigate here, the United States asks that the Court grant the dismissal with prejudice.

In seeking monetary damages pursuant to § 7433, the plaintiff continues to rely on alleged violations of the Internal Revenue Manual and an IRS revenue ruling. However, as clearly expressed in the statute itself, § 7433 claims can only involve statutes or regulations under the Internal Revenue Code (26 U.S.C.). § 7433; Treas. Reg. 301.7433-1(a); Gonsalves v. Internal Revenue Service, 975

---

[1] Hereinafter, all statutory references are to the Internal Revenue Code (26 U.S.C.).

F.2d 13, 16 (1st Cir. 1992). Therefore, any claim for damages pursuant to § 7433 based on the Internal Revenue Manual or an IRS revenue ruling must be dismissed for failure to state a claim upon which relief can be granted and lack of waiver of the United States' sovereign immunity.[2][3] See Gonsalves, 975 F.2d at 15 ("Section 7433's waiver of sovereign immunity, like any other, 'must be strictly observed,' and construed 'in favor of the sovereign.'" Citations omitted.).

If the plaintiff were to amend his Complaint to plead a violation of § 6331 as his basis for a claim under § 7433, the Complaint still would fail to state a claim upon which relief can be granted. None of the plaintiff's claims point to specific violations of statutory provisions of § 6331 or the regulations thereunder, but rather focus on alleged violations of various provisions of the Internal Revenue Manual, an IRS revenue ruling, and the Fourth Amendment, which, for the reasons stated in the United States' previously-filed motion to dismiss, is not even applicable in this case. To the extent that the plaintiff wishes to claim that the IRS's levy power under § 6331(b) does not "include the power of distraint and seizure *by any means*," see Pl.'s Resp. at 4, such a claim does not state a claim upon which relief can be granted under § 7433 because it is not a claim that the IRS disregarded (either recklessly, intentionally, or by reason of negligence) a statute or regulation under the Internal Revenue

---

[2] Again, the Internal Revenue Manual is not binding on the IRS, does not have the effect of rule of law, and does not confer any rights upon the plaintiff. United States v. Caceres, 440 U.S. 741, 755-56 (1979); Valen Manufacturing Co. v. United States, 90 F.3d 1190, 1194 (6th Cir. 1996); Groder v. United States, 816 F.2d 139, 142 (4th Cir. 1987); Urban v. Comm'r, 964 F.2d 888, 890 (9th Cir. 1992).

[3] Rev. Rul. 75-355 does not even apply in this case because there are no negotiable certificates of deposit nor "makers," like banks.

2

Code. To the contrary, pursuant to § 6331(b), the IRS levied upon property or rights to property of the plaintiff.

As for the remainder of the plaintiff's response brief, the United States maintains its arguments presented in its previously-filed motion to dismiss. In addition, we note that the plaintiff did not respond to any of the standing issues presented by the United States and he misreads § 6502(a) as only requiring that a levy be made prior to the expiration of the period of limitations on collection, when, in fact, a timely proceeding in court may also hold the period of limitations open for collection of a taxpayer's liabilities.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in the United States' memorandum in support of its motion to dismiss, the Court should dismiss the plaintiff's Complaint.

SAUL A. GREEN
United States Attorney

JOSEPH L. MEADOWS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6574

Dated: 11-28-00

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that I have caused service (by mail and facsimile) of a copy of the foregoing Reply to Plaintiff's Response to United States' Motion to Dismiss upon the following, this 28th day of November, 2000:

> Jerry R. Abraham
> 30500 Northwestern Hwy., Ste. 410
> Farmington Hills, MI 48334
>
> Scott Turnbull
> Miller, Canfield
> 150 W. Jefferson
> Suite 2500
> Detroit, MI 48226

> Joseph L. Meadows
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-6574