**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 532
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

BRYANT CRUTCHER
(513) 564-7013
www.ca6.uscourts.gov

Filed: February 21, 2003

Jerry R. Abraham
Abraham & Rose
30500 Northwestern Highway
Suite 410
Farmington Hills, MI 48334

Curtis C. Pett
U.S. Department of Justice
Appellate Section Tax Division
601 D Street, N.W.
P.O. Box 502, Ben Franklin Station
Washington, DC 20044

F I L E

FEB 25 2003

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

RE: 01-2224
Sachs vs. USA
District Court No. 00-73070

Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

Sue Burlage for
Bryant Crutcher
Case Manager

Enclosure

cc: Honorable Robert H. Cleland
Mr. David J. Weaver
Mr. Michael P. Coakley

FEB 25 2003

CLERK'S OFFICE
U.S. DISTRICT COURT
NOT RECOMMENDED FOR FULL-TEXT PUBLICATIONERN MICHIGAN

**FILED**

No. 01-2224

FEB 21 2003

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LEONARD GREEN, Clerk

00-73070
J. Cleland

| | | |
|---|---|---|
| RALPH G. SACHS, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellant,* | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | O P I N I O N |
| UNITED STATES OF AMERICA, acting through | ) | NOT RECOMMENDED FOR FULL-TEXT |
| the Internal Revenue Service, | ) | PUBLICATION |
| | ) | Sixth Circuit Rule 28(g) limits citation to specific situations |
| *Defendant-Appellee.* | ) | Please see Rule 28(g) before citing in a proceeding in a court |
| | ) | in the Sixth Circuit. If cited, a copy must be served on other |
| | | parties and the Court. |

This notice is to be <u>prominently</u> displayed if this decision
is reproduced.

BEFORE:    DAUGHTREY and COLE, Circuit Judges, and SARGUS, District Judge.[*]

R. GUY COLE, JR., Circuit Judge.    Plaintiff-Appellant Ralph G. Sachs appeals the

dismissal of his claim against Defendant-Appellee United States of America, acting through the

Internal Revenue Service ("IRS"), for unauthorized collection actions in violation of 26 U.S.C. §

7433.  Quick and Reilly, Inc. ("Q&R") was also named as a defendant in the original complaint;

however, Sachs does not appeal the dismissal of his complaint against Q&R.  Pursuant to Federal

Rule of Civil Procedure 12(b)(6), the district court dismissed Sachs's complaint for failure to state

a claim upon which relief could be granted.  For the reasons that follow, we **AFFIRM** the judgment

of the district court.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District
of Ohio, sitting by designation.

*No. 01-2224*
*Sachs v. United States*

## I. BACKGROUND

Sachs owed the IRS back taxes for the years 1978 and 1979. The Collection Statute Expiration Date ("CSED"), until which the IRS could collect the underlying tax liability in this matter, was July 4, 1999.

On June 1, 1999, the IRS mailed a Notice of Levy to Q&R, the brokerage firm which held Sachs's investment securities. Q&R received the notice on June 11, 1999, and had twenty-one days from the date of receipt to forward the requested funds to the IRS. During this three-week period, Sachs informed Q&R that he believed IRS internal rulings prohibited Q&R from liquidating his securities and forwarding the funds to the IRS. In response, Revenue Officer Jennifer Zogut faxed a summons to Edwin Mendez, Q&R's Assistant Director of Compliance, requesting information regarding the negotiable instruments Q&R held for Sachs, and requesting a response by the next afternoon.

On or about July 1, 1999, Q&R informed Sachs that it was going to respond to the Notice of Levy by liquidating certain securities which he owned and forwarding the corresponding monies to the IRS. On July 1, 1999, the IRS initiated court proceedings to have the tax liability reduced to a judgment.

On or about July 13, 1999, a check in the amount of $251,511.09, in full satisfaction of the levy, was obtained by the IRS from Sachs's account with the local Q&R office. On September 23, 1999, Sachs filed a Form 843, Claim for Refund, which was denied by the IRS. By filing this claim, Sachs effectively exhausted his administrative remedies, thereby providing the district court with jurisdiction over the present suit.

- 2 -

*No. 01-2224*
*Sachs v. United States*

## II. ANALYSIS

This Court reviews de novo a district court's grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002).  In reviewing a Rule 12(b)(6) motion, this Court treats all well-pleaded allegations in the complaint as true, and the Court affirms the dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Id.*

### A. Absence of Physical Seizure

26 U.S.C. § 7433(a) provides for the recovery of damages resulting from unauthorized collection activities when "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." Section 6331(a) of the Internal Revenue Code ("the Code") states that when any person is liable to pay any tax and neglects or refuses to pay that tax, it shall be lawful for the United States to collect that tax "by levy upon all property and rights to property . . . belonging to such a person or on which there is a lien provided in this chapter for the payment of such tax." 26 U.S.C. § 6331(a).  The Code also notes that "[t]he term 'levy' as used in this title includes the power of distraint and seizure by any means." 26 U.S.C. § 6331(b).

Sachs contends that the IRS was required to physically seize the securities, rather than "seizing" their monetary value by check after their liquidation.  In failing to physically seize the securities, Sachs argues that the IRS violated § 6331 of the Code, thereby entitling Sachs to damages under § 7433.

- 3 -

*No. 01-2224*
*Sachs v. United States*

Section 7433 of the Code authorizes damages for the intentional, reckless, or negligent disregard of a "provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). A successful claim under § 7433 can only occur, therefore, when Title 26, or a regulation promulgated thereunder, is violated. Here, the alleged violation is a violation of the Internal Revenue Manual and a Revenue Ruling. These are not violations of Title 26, nor are they violations of any corresponding sections of the Code of Federal Regulations. As such, Sachs's claim falls outside the scope of § 7433's protection.

The Ninth Circuit has ruled similarly. In *Shwarz v. United States*, 234 F.3d 428 (9th Cir. 2000), the court ruled that "because the [IRS] manual and the [IRS National Policy Statement] are not code provisions or regulations, violations of the manual and the NPS cannot support a claim under § 7433." *Id.* at 434; *see also Gonsalves v. Internal Revenue Serv.*, 975 F.2d 13, 16 (1st Cir. 1992) (holding that § 7433 does not support a claim for a "right" that is created by internal IRS policy); *cf. Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (per curiam) (holding that an agency policy manual "is not a regulation," "has no legal force," and "does not bind" the agency).

Because the alleged violation pertains to an internal IRS policy, rather than a portion of the Code or corresponding regulations, § 7433 cannot support a claim by Sachs based on the failure of the IRS to physically seize the actual securities.

### B. Illegal Seizure in Violation of the Fourth Amendment

Sachs argues that by forcing Q&R to liquidate the securities, the IRS "constructively seized" the assets, and that by constructively forcing this liquidation to obtain a check rather than the instruments themselves, the United States violated the Fourth Amendment. Sachs contends that this

- 4 -

*No. 01-2224*
*Sachs v. United States*

position is supported under any one of three alternative theories: (1) a § 7433 theory; (2) a *G.M. Leasing* theory; and (3) a *Bivens* theory.

### 1. Section 7433 Theory

The Fourth Amendment is not a provision of Title 26, nor is it a regulation promulgated thereunder. *See* 26 U.S.C. § 7433(a). Thus, by the plain language of the statute, alleged Fourth Amendment violations fall outside its scope.

### 2. *G.M. Leasing* Theory

Sachs argues that the IRS was required to obtain a writ of entry in order to physically seize his securities. The Supreme Court has held that a warrantless entry by IRS agents into a corporation's private offices violated the Fourth Amendment because a search of private property without proper consent is unreasonable unless it has been authorized by a valid search warrant. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352-53 (1977).

In this case, the IRS agents never entered any private property of Sachs. Sachs nevertheless argues that because the securities were seized on behalf of the government and subsequently liquidated on the government's behalf, this "constructive seizure" was substituted for the required physical seizure, and therefore gives rise to a Fourth Amendment claim.

*G.M. Leasing* does not support the extrapolation suggested by Sachs. In this context, the "constructive seizure" that Sachs contends occurred is not the legal equivalent of an actual, physical seizure because *G.M. Leasing* recognizes a Fourth Amendment violation based on the privacy concerns that accompany a physical intrusion. The *G.M. Leasing* Court stated that, while § 6331 of the Code is "silent on the subject of intrusions into privacy," it is also an "authorization for all forms

*No. 01-2224*
*Sachs v. United States*

of seizure." *Id.* at 358 (emphasis added). While the IRS does need a warrant to enter private premises in order to seize a delinquent taxpayer's property, the IRS does not need judicial authorization to simply seize property where it does not intrude upon privacy rights. *See id.* at 358; *see also Maraziti v. First Interstate Bank of Cal.*, 953 F.2d 520, 524 (9th Cir. 1992) (stating that "when the government seizes property to collect delinquent taxes, there is no violation of the Fourth Amendment if the seizure is not an invasion of the taxpayer's personal effects or premises"). The *G.M. Leasing* Court did not find a Fourth Amendment violation in the seizure of automobiles which "took place on public streets, parking lots, or other open places and did not involve any invasion of privacy." 429 U.S. at 351.

Because the IRS did not invade Sachs's privacy rights, *G.M. Leasing* does not support a finding in the present case that there was a Fourth Amendment violation.

### 3. *Bivens* Theory

Lastly, Sachs argues that he is able to state a claim for a Fourth Amendment violation under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Court held that damages may be obtained for injuries resulting from a violation of the Fourth Amendment by federal officials. *Id.* at 395-96.

This argument is unavailing because this Court has held that a *Bivens* claim seeking monetary damages cannot be brought for actions arising out of the collection of taxes. *See Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997); *accord Downie*, 301 F.3d at 695 (citing *Fishburn* for the proposition that a taxpayer cannot bring a *Bivens* action against IRS agents for Fourth Amendment violations).

- 6 -

No. 01-2224
Sachs v. United States

Sachs contends that *Fishburn* should not be read as a blanket prohibition against claims for monetary damages for actions arising out of the collection of taxes. Rather, he asserts that *Fishburn* only precludes *Bivens* actions that should have been part of a § 7433 claim. There is no basis for such a reading of *Fishburn*.

This Court has previously stated explicitly and unequivocally that taxpayers cannot "bring a *Bivens* action against IRS agents for violations of [their] Fourth Amendment rights." *Downie*, 301 F.3d at 695. Section 7433 provides that it shall be the "exclusive remedy for recovering damages from such actions." 26 U.S.C. § 7433(a). "Although the damages provision does not mention constitutional violations, [this Court] noted that '[t]hese carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress's refusal to permit unrestricted damages actions by taxpayers has not been inadvertent.'" *Downie*, 301 F.3d at 695 (quoting *Fishburn*, 125 F.3d at 983).

Thus, because *Bivens* actions are not available to taxpayers claiming violations of the Fourth Amendment, Sachs's *Bivens* theory is not a valid claim for which relief may be granted.

Because none of the theories provided by Sachs is legally viable, the district court's dismissal of his Fourth Amendment claim under 12(b)(6) was proper.

## C. Remaining Issues

In addition, we are not persuaded by any of the other arguments asserted by Sachs on this appeal. First, Sachs argues that he possesses an actionable claim under 26 U.S.C. § 7433(a) because the IRS did not possess a valid federal tax lien. However, the IRS did possess a valid lien, statutorily

- 7 -

*No. 01-2224*
*Sachs v. United States*

imposed pursuant to 26 U.S.C. § 6321. Moreover, a valid federal lien is not required for the IRS to

levy property under 26 U.S.C. § 6331.

Sachs also contends that the IRS issued an improper summons because the summons was not

sent by certified mail, and the summons did not provide ten-day notice. This argument is unavailing

because these requirements apply to summonses issued for the purpose of ascertaining the

correctness of a return, making a return, or determining a tax liability pursuant to 26 U.S.C. § 7602.

The summons in question here, however, was issued for the purpose of collection or seizure pursuant

to 26 U.S.C. § 6333, and the certified mailing and notice requirements therefore do not apply.

Next, Sachs asserts that the IRS failed to adequately notify Sachs of the seizure. Pursuant

to 26 U.S.C. § 6335, the IRS was only required to provide a notice of seizure to Q&R, and it properly

did so.

Lastly, Sachs argues that the levy on the assets held by Q&R was improper because the

statute of limitations had expired. The period during which a tax may be collected is extended if a

court proceeding is filed, and the time period shall not lapse until the liability for the tax is satisfied.

*See* 26 U.S.C. § 6502(a). Because the IRS brought suit against Sachs prior to the expiration date of

the collection statute, the deadline was extended.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

- 8 -